UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEONTRAE LAWRENCE, | Civil Action No. 18-16006 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter has been opened to the Court by Petitioner Keontrae Lawrence's filing of a motion for reconsideration under Fed. R. Civ. P. 59(e) of this Court's opinion and order denying his § 2255 motion and denying a certificate of appealability.[1] *See* ECF Nos. 18-19.

In his § 2255 motion, Lawrence argued, in relevant part, that his § 924(c) conviction must be vacated because Hobbs Act conspiracy can no longer serve as the predicate for a § 924(c) offense after *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that the residual clause in 18 U.S.C. § 924(c)'s definition of "crime of violence" was void for vagueness).

In the Court's Opinion denying relief, the Court first determined that Petitioner's *Davis* claim was procedurally defaulted because he did not raise this claim on direct appeal. A court may

---

[1] The time for filing a motion for reconsideration under Fed. R. Civ. P. 59(e) "is short—28 days from entry of the judgment, with no possibility of an extension." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (citing Fed. Rule Civ. Proc. 6(b)(2) (prohibiting extensions to Rule 59(e)'s deadline). "The filing of a Rule 59(e) motion within the 28-day period 'suspends the finality of the original judgment' for purposes of an appeal. *Id.* (citing *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n. 10 (1984)). Here, the Court issued its Opinion and Order on July 25, 2022. ECF Nos. 18-19. Petitioner submitted his motion for filing on August 16, 2022, and it was received by the Clerk of the Court and docketed on August 22, 2022. The motion is timely filed using either date.

find cause to excuse a procedural default where the movant demonstrates an "objective impediment to compliance with a procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005) ("To establish 'cause' for procedural default, a defendant must show that 'some objective factor external to the defense impeded [their] efforts to raise the claim.'" (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991), superseded on other grounds by 28 U.S.C. §§ 2244(b)(3)(A), 2255)), as amended (Mar. 8, 2005). Objective factors that constitute cause include interference by officials, unavailability of the factual or legal basis for a claim, or ineffective assistance of counsel. *See McCleskey*, 499 U.S. at 493–94. The Supreme Court has made clear that to establish the prejudice required to excuse procedural default, the petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 159 (1982); *see also Shinn v. Ramirez*, —— U.S. ——, 142 S. Ct. 1718, 1733 (2022) (same). The standards for actual innocence and prejudice are not the same. Actual innocence requires "a stronger showing than that needed to establish prejudice." *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish actual innocence, the movant "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [them]." *Bousley*, 523 U.S. at 623. Indeed, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623.

In its prior decision, the Court assumed that Lawrence could establish cause to excuse his procedural default of the *Davis* claim but found that he could not establish actual prejudice because he admitted facts in his plea colloquy showing that he aided and abetted a completed Hobbs Act

robbery.[2]  During the plea hearing, among other admissions, Lawrence allocuted that: (1) he "knowingly and willfully participate[d] in the robbery of the Passaic Club; (2) he and a co-conspirator "use[d] or threaten[ed] to use force, violence, or fear against the manager of the Passaic Club to commit the robbery"; (3) he or his co-conspirator "brandish[ed] a firearm during the robbery of the Passaic Club"; (4) he knew or agreed with his co-conspirator "in advance of the robbery that a firearm would be used to carry out the robbery of the Passaic Club"; and (5) he and his co-conspirator [took] approximately $26,084 in cash from the Passaic Club."  *See* Plea Hr'g Tr., dated Sept. 7, 2017, at 15:23-16:15.  Because Petitioner admitted facts that would constitute a completed Hobbs Act robbery under an aiding abetting theory, the Court found that Lawrence failed to show actual prejudice or actual innocence and denied relief.[3]

Lawrence now moves for reconsideration.  The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration pursuant to

---

[2] "Hobbs Act robbery is defined, in relevant part, as 'the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property.'" *United States v. Monroe*, 837 F. App'x 898, 899 (3d Cir.) (quoting 18 U.S.C. § 1951(b)(1)), *cert. denied sub nom. Copes v. United States*, 142 S. Ct. 247 (2021).  In order to aid and abet a § 924(c) offense, "the defendant must know beforehand that a gun will be used." *United States v. Johnson*, 899 F.3d 191, 204-05 (3d Cir. 2018) *See Johnson*, 899 F.3d at 204 (citing *Rosemond v. United States*, 572 U.S. 65, 67 (2014)).

[3] Notably, since this Court issued that decision, the Third Circuit has determined that 1) a completed Hobbs Act robbery is still a crime of violence and 2) aiding and abetting a completed Hobbs Act robbery is also a crime of violence.  In *United States v. Stoney*, 62 F.4th 108, 113-114 (3d Cir. 2023), decided on March 10, 2023, the Third Circuit held that *United States v. Taylor*, 142 S. Ct. 2015 (2022), "[did] not change our [pre-*Taylor*] position" that "completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)." *See id.* at 113-14.  Subsequently, on June 12, 2023, the Third Circuit held as a matter of first impression that "aiding and abetting a completed Hobbs Act robbery qualifies as a crime violence under § 924(c)." *United States v. Stevens,* 70 F.4th 653, 662 (3d Cir. 2023).

Fed. R. Civ. P. 59(e) "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). For reconsideration purposes, "new evidence ... means evidence that a party could not earlier submit to the court because the evidence was not previously available." *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)).

In his motion for reconsideration, Lawrence does not argue that there has been a change in controlling law or that there is new evidence that was not available at the time the Court decided his motion. As such, he must show "the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone*, 664 F.3d at 415. Among other things, Lawrence argues that the Court erred because it overlooked the fact that the § 924(c) count to which he pleaded guilty specifically names Hobbs Act conspiracy as the predicate crime of violence.

The March 24, 2017 Indictment charged Lawrence in Count One with conspiracy to commit Hobbs Act robbery and charged Lawrence in Count Two with the § 924(c) offense, which reads as follows:

> On or about September 6, 2015, in Essex County, in the District of New Jersey and elsewhere, Defendants JIMMY COOPER . . . and KEONTRAE LAWRENCE . . . during and in relation to a crime of violence . . . namely the Hobbs Act robbery charged in Count One of this Indictment, did knowingly use and carry a firearm, which was brandished, and did aid and abet the same in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and Section 2.

*See* Crim No. 17-106, ECF No. 28 at 2-3. The portion of the § 924(c) charge that identifies the predicate crime refers somewhat equivocally to "the Hobbs Act <u>robbery</u> charged in Count One of

the indictment" (emphasis added) and, thus, does not clearly identify whether the predicate is Hobbs Act robbery and/or Hobbs Act conspiracy.

Moreover, "it is well settled that, 'in a prosecution under § 924(c), the Government must prove that the defendant committed a qualifying predicate offense ... but it is not necessary that the defendant be separately charged with or convicted of such an offense.'" *United States v. Collazo*, 856 F. App'x 380, 383 (3d Cir. 2021) (quoting *United States v. Lake*, 150 F.3d 269, 274-75 (3d Cir. 1998)) (cleaned up); *see also Johnson v. United States*, 779 F.3d 125, 129-130 (2d Cir. 2015) ("The plain language of § 924(c) requires only that the predicate crime of violence ... have been committed; the wording does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it."). In other words, Lawrence's § 924(c) conviction remains valid if there is legally sufficient proof that he committed Hobbs Act robbery regardless of whether he was charged or convicted of Hobbs Act robbery.

"In the context of a § 924(c) guilty plea, courts look to the factual proffer, plea hearing, and other evidence in the record to determine if a qualifying predicate offense was committed." *Collazo*, 856 F. App'x at 383; *see also Clayton v. United States*, 456 F.Supp.3d 575, 579 (S.D.N.Y. 2020) ("To determine what crimes for which there was legally sufficient proof, the Court must "focus[ ] on the conduct to which a defendant allocutes in the course of pleading guilty.").

Lawrence argues that his case is distinguishable from *Collazo* because Lawrence's indictment listed only Hobbs Act conspiracy and the government did not charge him with substantive Hobbs Act robbery or dismiss that charge as a result of the plea agreement. In *Collazo*, 856 F. App'x. 380, 384 (3d Cir. 2021), the petitioner argued that his indictment was ambiguous, but the Third Circuit rejected that argument, finding that "the indictment, plea agreement, and plea colloquy all make clear that Collazo committed Hobbs Act robbery and that the robbery was a

predicate for his § 924(c) conviction." *Id.* The Third Circuit went on to explain, however, that a conviction under § 924(c) requires proof that a defendant committed a qualifying predicate offense but does not require the government to separately charge or convict the defendant of that offense:

> It is well settled that, "[i]n a prosecution under [§ 924(c)], the Government must prove that the defendant committed a qualifying predicate offense ... but it is not necessary that the defendant be separately charged with or convicted of such an offense." *United States v. Lake*, 150 F.3d 269, 274-75 (3d Cir. 1998) (internal citation omitted).

*Collazo*, 856 F. App'x. at 383. Lawrence's argument that he had to be charged with substantive Hobbs Act robbery to sustain his § 924(c) conviction is at odds with the legal standard set forth by Third Circuit in *Lake* and *Collazo*.

Lawrence also cites to *Berry v. United States*, 1:16-cv-3489-NLH, 2022 WL 970154 (D.N.J. Mar. 31, 2022). The petitioner in *Berry* also argued that his § 924(c) conviction must be vacated because he "was never charged with a substantive Hobbs Act robbery" and "pled guilty to a two count Information which specifically charged him with conspiracy to commit Hobbs Act robbery." *See id.* Relying on *Collazo*, the District Court rejected this argument and held that "[t]he fact-stipulated plea agreement and the subsequent plea colloquy make it clear that Petitioner actively participated in a Hobbs Act robbery." *Id.* at *5. Petitioner appealed and the Third Circuit denied a certificate of appealability:

> Berry's request for a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c). Jurists of reason would not debate that his claim based on *United States v. Davis*, 139 S. Ct. 2319 (2019), is procedurally defaulted. *See United States v. Frady*, 456 U.S. 152, 167–68 (1982). Because Berry admitted to his participation in a substantive Hobbs Act robbery, which would be a valid predicate to the 18 U.S.C. § 924(c) offense, he cannot show cause and prejudice or actual innocence to overcome the default. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Bousley v. United States*, 523 U.S. 614, 622 (1998).

*Berry v. United States*, 2022 WL 9597662, at *1 (3d Cir. 2022).

Lawrence attempts to distinguish *Berry* by claiming that it was unclear whether Berry was charged with Hobbs Act conspiracy or Hobbs Act robbery, and that resort to the plea colloquy, plea agreement, and other documents may only be used to clear up this confusion. The Court's review of the record in *Berry*, however, indicates that the Information charged Berry with Hobbs Act conspiracy only. *See* Information, D.E. 11, United States v. Berry, No. 10-cr-51 (JEI) (D.N.J. 2010) (Count Two charges that the defendant "did knowingly and willfully use, carry and brandish a firearm during and in relation to the commission of a crime of violence for which he may be prosecuted in a court of the United States, that is, <u>conspiracy to commit the robbery of the Sports Authority Distribution facility in Burlington Township, New Jersey, contrary to Title 18, United States Code, Sections 1951(a), as alleged in Count One of this Information</u>." (emphasis added)). Unlike Lawrence's Indictment, the relevant portion of *Berry*'s Information does not mention Hobbs Act robbery and only mentions conspiracy. As such, Petitioner's arguments otherwise are unavailing.

Petitioner also argues that his guilty plea is unlawful because it is based on a constructive amendment of his Indictment. Petitioner cites to out of circuit and Third Circuit cases, including *U.S. v. McKee*, 506 F.3d 225, 229 (3d Cir. 2007), which held that "[a]n indictment is constructively amended when evidence, arguments, or the district court's jury instructions effectively "amend[s] the indictment by broadening the possible bases for conviction from that which appeared in the indictment." *Id.* (quoting *United States v. Lee*, 359 F.3d 194, 208 (3d Cir. 2004)). In other words, a constructive amendment "occurs where a defendant is deprived of his 'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" *United States v. Syme*, 276 F.3d 131, 148 (3d Cir. 2002) (quoting *United States v. Miller*, 471 U.S. 130, 140 (1985)) (emphasis added). "If a defendant is convicted of the same offense that was charged in the

indictment, there is no constructive amendment." *U.S. v. Vosburgh*, 602 F.3d 512, 532 (3d Cir. 2010).

Here, Lawrence was convicted of the same offenses that were charged in his Indictment. Moreover, as noted above, the relevant portion of Lawrence's Indictment does not unequivocally identify the § 924(c) predicate. But even if Lawrence's guilty plea is arguably based on a constructive amendment of his Indictment, he could have (and should have) raised this claim on direct appeal. As the Supreme Court explained in *Bousley v. United States*, 523 U.S. 614, 621 (1998), there are limited circumstances in which a guilty plea may be attacked collaterally. If a defendant has failed to challenge the voluntariness and intelligence of the plea on direct appeal, "the claim may be raised in [a section 2255 petition] only if the defendant can first demonstrate either 'cause' and actual 'prejudice' ... or that he is 'actually innocent.'"[1] *Id.* at 622 (citations omitted). Thus, Lawrence's claim that his guilty plea amounts to an unlawful constructive amendment of his Indictment is also procedurally defaulted.[4]

As noted above, the Court assumed in its prior decision that Lawrence could establish cause for the procedural default of his *Davis* claim. Lawrence, however, has not established cause for failing to raise his constructive amendment claim, as the legal and factual bases for this claim were available to him at the time of his conviction. Because he has not established cause to excuse his procedural default of this claim, the Court need not address actual prejudice. Petitioner also has not established actual innocence because he admitted under oath to a completed Hobbs Act robbery and has not shown his factual innocence. Because Lawrence's constructive amendment

---

[4] Petitioner appears to raise this argument for the first time in his Rule 59(e) motion. In light of Lawrence's pro se status, the Court considers it as an attempt to amend his § 2255 motion and assumes for purposes of this decision that it would relate back to his original motion.

claim is procedurally defaulted and Petitioner has not met his burden to show cause <u>and</u> prejudice <u>or</u> actual innocence, the Court denies relief on this claim.

In support of reconsideration, Petitioner also cites in his supplemental brief to a recent decision issued by the Fourth Circuit. In *United States v. McKinney*, 60 F.4th 188, 198 (4th Cir. 2023), the Fourth Circuit rejected the government's argument that the petitioner McKinney could not overcome procedural default and establish actual prejudice because the government had dismissed the substantive Hobbs Act robbery charge in exchange for petitioner's guilty plea. *Id.* at 196-197 ("refus[ing] to substitute an alternative predicate, not charged as the basis for the § 924(c) count of conviction, to negate a finding of prejudice). The Fourth Circuit noted, however, that it was not announcing a per se rule and based its decision, in part, on the fact that the petitioner twice refused to plead guilty to a completed Hobbs Act robbery. *See id.* at 196 ("To be clear, the analysis set forth in the next five paragraphs constitutes our fact specific holding in this case, not some "per se rule" conjured up by the dissent."). There are no facts in the Fourth Circuit decision suggesting that McKinney ever admitted to a completed Hobbs Act robbery during his plea allocution or otherwise. As such, that decision is distinguishable and is also not binding on this Court.

For these reasons, the Court denies the motion for reconsideration and also denies a certificate of appealability, as jurists of reason would not debate the Court's procedural or substantive rulings. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate Order follows.

10/2/23

_____
Hon. Madeline Cox Arleo
United States District Judge